**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ANDREW S. WHITE,                )<br>                                                 )<br>              Movant,            )<br>    vs.                              )      1:08-cv-107-WTL-MJD<br>                                                 )      No. 1:02-cr-165-WTL-KPF-01<br>UNITED STATES OF AMERICA.  )  | |

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. ' 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Andrew S. White for relief pursuant to 28 U.S.C. ' 2255 must be **denied** and the action **dismissed with prejudice**. In addition, the court finds that a certificate of appealability should not issue.

### I. The ' 2255 Motion

**Background and Applicable Law**

In March 2003, White was convicted in No. 1:02-cr-165-WTL-KPF-01 after trial by jury of being a felon in possession of a firearm in violation of 18 U.S.C. ' 922(g)(1). As the result of that conviction, White was sentenced to a term of imprisonment of 115 months, to be followed by three years of supervised release. White appealed his conviction and his sentence to the Seventh Circuit Court of Appeals. White=s conviction and sentence were affirmed on appeal. *See United States v. White*, 368 F.3d 911 (7th Cir. 2004). White sought certiorari review of the appellate court's decision and, on January 24, 2005, the Supreme Court granted White=s petition, vacated the Seventh Circuit=s decision, and remanded the case to the appellate court for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005).

Pursuant to the Supreme Court=s remand, the Seventh Circuit ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), to allow the court to advise whether, had it known that the Sentencing Guidelines were not mandatory, it would have imposed the same sentence on White. *See United States v. White*, 213 Fed. Appx. 488, 489 (7th Cir. 2007) (unpublished disposition). After conducting a hearing, the court advised that it would have imposed the same sentence on White. *Id*. The Seventh Circuit then determined that White=s sentence was reasonable and affirmed the judgment of this court. *Id*.

White is currently on supervised release, having been released from prison on June 10, 2011. White seeks relief pursuant to 28 U.S.C. ' 2255.

White claims that he was denied the effective assistance of counsel at essentially every stage of his criminal case. The Supreme Court set forth the legal principles that govern claims of ineffective assistance of counsel in *Strickland v. Washington,* 466 U.S. 668 (1984). *See also Wiggins v. Smith,* 539 U.S. 510 (2003). An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. *Id.* at 521 (citing *Strickland,* 466 U.S. at 687).

With respect to the first component, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins,* 539 U.S. at 521 (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "eliminate the distorting effects of hindsight." *Id.* at 523 (quoting *Strickland,* 466 U.S. at 689).

With respect to the prejudice requirement, White Amust show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. *See also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. A petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance. *Berkey v. United States,* 318 F. 3d 768, 773-74 (7th Cir. 2003).

## Discussion

A court may grant relief from a federal conviction or sentence pursuant to ' 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. ' 2255. The scope of relief available under ' 2255 is narrow, limited to Aan error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.@ *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

White first asserts that trial counsel was ineffective for failing to argue that under Indiana law, as a non-violent felon, he could lawfully possess a weapon in his home. He argues that the federal Gun Control Act, 18 U.S.C. '' 921, 922(g)(1), is unconstitutional as applied for lack of fair notice and vagueness as to what conduct is prohibited by a nonviolent felon residing in Indiana. The court finds that under Indiana law there is a distinction between possession by a felon and by a Aserious violent felon.@ With some exceptions not relevant in this case, it is *not* unlawful for a

non-violent felon to possess a firearm in his home. *See* IND. CODE ' 35-47-4-5(c) ("a *serious violent felon* who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Class B felony"). Nonetheless, the court finds White's claim of unconstitutionality unpersuasive. The fact that state firearm possession laws differ from the provisions contained in the Federal Gun Control Act does not render the *federal* statute unconstitutional. *See District of Columbia v. Heller*, 128 S. Ct. 2783, 2816-17 (2008)("nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."); *United States v. Skoien, o United States v. Skoien,* 614 F.3d 638 (7th Cir. 2010)(*en banc*)(federal firearms prohibitions in section 922(g) are constitutional, even when as applied to persons convicted of misdemeanors). Counsel's failure to challenge the constitutionality of section 922(g)(1) did not constitute ineffective assistance. Moreover, any reliance on a constitutional claim ignores the fact that in this case, White was on probation at the time he was charged with possession, a status that White concedes prohibited him from possessing a firearm.

White also asserts counsel was ineffective for failing to assert defenses of justification or duress. White argues that he was justified in possessing the gun in his home because he had given helpful testimony against an individual charged with murder, Kunta Gray, who then placed White in fear for his life. Counsel and White did, in fact, make such an argument at the limited remand hearing on September 28, 2005, and the court concluded that there was no credible evidence that White was advised that he could have firearms in his possession at the time relevant to this case. White was on probation at the time and he was aware that possession of guns would violate his probation. Moreover, any ignorance of state versus federal law would have no bearing on his guilt or innocence. Had counsel argued any defense which assumed that White possessed the weapons, a contention directly at odds with White's position that he took throughout the trial that he did *not* possess any firearms, it would have assured a finding of guilt on the charge of possession. The court allowed White to explain his theory at length at the limited remand hearing. The court concluded that any defense related to any alleged statements made by state authorities would not justify his possession and would be unavailing and that any defense that White was somehow justified in having the guns for his protection was meritless and would not have changed his sentence. No matter how many times or in what manner White presses this position, the court's conclusion otherwise was reasonable and justified and was not erroneous. Counsel was not ineffective on this basis.

White argues that counsel should have argued that his substantial assistance with the Gray case could be considered as a factor pursuant to 18 U.S.C. ' 3553(a) on remand. Contrary to White's claim, the court did discuss during the limited remand hearing whether White's assistance with the Gray prosecution should or could be considered as a factor to lower his sentence. The court explained at length the reason for deciding that such assistance would not be taken into account. The court noted that the assistance occurred prior to the conduct for which White was charged in this case. The court noted other reasons, including White's motivation for providing the

assistance. More importantly, the court proceeded to explain that even if it had taken White=s assistance into account, it would not have offset the findings that White had orchestrated an elaborate attempt to suborn perjury, orchestrated an attempt to obstruct justice, and had been less than candid with the court as to his role in the offense. The court concluded that this type of person should not be rewarded under 3553(a) for his past assistance. On appeal of the imposition of the same sentence, the Court of Appeals noted that A[t]he district court thoroughly considered the factors listed in 18 U.S.C. ' 3553(a) and all of the arguments raised by White in pro se submissions and by his counsel.@ *United States v. White*, 213 Fed.Appx. 488, 2007 WL 173809 (7th Cir. Jan. 22, 2007). No prejudice has been shown.

      White asserts that counsel was ineffective for failing to move to suppress the seizure of the *Indianapolis Star* invoices which were found in his bedroom dresser along with the two firearms that formed the basis of the prosecution. White also argues that counsel was ineffective for failing to interview witnesses who could have rebutted evidence that White had access to the *Star* invoices. The prosecution used the *Star* invoices to suggest the inference that if the documents were White's, because they were found in the bedroom dresser, then the other items in the dresser were also White's, including the two weapons. Counsel did object at trial to the admission of the *Star* invoices on the basis of unfair prejudice, arguing that White's possession of them raised the inference that he was involved in identify theft. *United States v. White*, 368 F.3d 911, 914 (7th Cir. 2004). The court overruled White's objection and ultimately allowed the evidence, with limiting and cautionary instructions. *Id.* A motion to suppress would have failed in light of the foregoing circumstances. With respect to White's argument that counsel failed to interview witnesses, even if another witness would have stated that although White did work the graveyard shift at the *Star* with very few employees in the building at that time, he did not have access to the Fourth floor of the building where invoices were kept, White has not shown any reasonable probability that with such testimony the jury would have concluded that the customer invoices from the *Star* found in his dresser were not his. In addition, the government showed that no other guests in White=s home had an opportunity to obtain customer invoices from the *Star.* There was no ineffective assistance of counsel in relation to this evidence.

      White claims that counsel was ineffective for failing to move to suppress the statements of police officer Michael Elder based on a violation of White=s *Miranda* rights.  White concedes that he was given his *Miranda* rights. He now contends, however, that Elder refused to contact state prosecutor Karen Jensen per White=s request and that Elder initiated an interrogation after White asserted his right to remain silent. Elder was under no obligation to summon a state prosecutor, one who clearly could not act as White=s attorney. White does not allege that he informed his counsel before trial that when Elder appeared, White asserted his right to remain silent. White also has not presented evidence showing the specific circumstances surrounding how he allegedly asserted that right, what Elder did to force him to talk and what statements White alleges were made at such time. There was no ineffective assistance in relation to any claim relating to White and his *Miranda* rights.

White argues that counsel was ineffective for failing to locate "key" witness Anthony "Ted" Harris. White alleges that counsel and his defense investigator made a "half-hearted" attempt to locate the witness and declined to accept White's brother's invitation to take them to interview Harris. Counsel had a duty to make reasonable investigations and to make reasonable decisions in determining whether a particular investigation is necessary. *Wiggins*, 539 U.S. at 521-22 (citing *Strickland*, 466 U.S. at 690-91). White's claim that counsel's investigations were half-hearted is not supported by anything but his own speculation. The court noted during the proceedings that as far as Anthony Harris is concerned, none of the witnesses knew his name other than "Ted." Testimony showed that witnesses that counsel attempted to find could have remained unreachable if they had not themselves decided to contact counsel. There has been no credible showing that counsel did not make reasonable efforts to investigate the facts in this case.

White argues that counsel was ineffective for failing to question potential jurors as to whether they knew any of the names on the *Star* invoices to ascertain potential prejudice. Counsel acted quite reasonably by not highlighting evidence even before it was offered at trial, evidence that the defense had already attempted to exclude on the basis of prejudice. To do otherwise could have been viewed as contrary to White's best interest. Moreover, the basis of this claim is pure speculation and does not rise to the level of ineffective assistance of counsel.

White asserts that counsel was ineffective for failing to interview a potentially biased juror after it was brought to the attention of counsel that a juror was an ex-school teacher of White and defense witness Dewayne Lane. White alleges that Lane recognized the juror, not that he (White) did. He argues that the teacher "could have recognized" either of them and "been potentially prejudiced from past recollection of youthful misbehavior" by them at school. He asserts nothing that he and Lane did that would have prompted such a recollection, nor does he offer anything but remote speculation. More importantly, during the hearing conducted on May 30, 2003, counsel reported to the court that after trial, White notified counsel that witness Lane recognized a juror as a former teacher and that counsel promptly investigated the possibility of a biased juror and found nothing worthy of presenting to the court. Counsel did not ignore this potential issue. Rather, counsel investigated and reported his findings to the court. White's claim of ineffective assistance of counsel is meritless.

White claims that counsel was ineffective for agreeing with the government to remove a footnote in a government exhibit stating "Deposit Paid by Marion County Prosecutor." White suggests that such footnote would have led to further inquiry about him being in the witness relocation program after having provided substantial assistance to the State and he was under duress. This suggestion is tenuous at best, and is another way of arguing that counsel should have asserted a duress or justification defense, an issue the court clearly and correctly rejected. White's contention that counsel and the government worked together to "hide" relevant and material evidence is pure speculation. White has not shown that counsel's action fell

below an objective standard of reasonable professional conduct in this regard.

White alleges that counsel conducted an "objectively unreasonable trial strategy" that, in effect, solicited evidence of a prior possession of the firearms at issue without clarifying that the previous possession occurred prior to the date of the charged conduct. Evidence at trial was that a witness had seen guns in the house one time about a week prior to October 18, 2002. The guns had been brought there by someone other than White. The record is clear on those points. Evidence was admitted that on October 18, 2002, two guns were found in the house during the search, White admitted that his fingerprints might be found on the guns. White told officers that he was permitted to have firearms in the house. White's claim that it was constituted ineffective trial strategy to allow testimony about someone else bringing guns to the house a week earlier is meritless. In addition, contrary to White's argument that the limiting instructions created a presumption that equated "ownership" with "possession," the instructions clearly informed the jury that "[p]ossession is not the equivalent of ownership." The conviction was not made on an improper basis.

White argues that trial and appellate counsel were ineffective by failing to request or challenge the lack of a jury instruction for "joint occupancy" of possession. He makes a related argument that appellate counsel erred in failing to challenge the validity of the jury instructions that omitted the element of "intent" in the definition of possession. White does not set forth a proposed instruction that would have been supported by the evidence. Moreover, he has shown no fundamental error or defect in the instructions given by the court. The court gave proper and accurate instructions to the jury, including the definitions of "knowingly" and "possess." The instructions informed the jury that possession could be actual or constructive as well as sole or joint, and those terms were defined. White's claim to the contrary is baseless.

White claims that counsel was ineffective at sentencing when he did not argue that the term "supervised release" was not permissible as it amounted to Double Jeopardy and a separate invalid sentence and Bill of Attainder. White concedes that this is a "novel" argument that would invoke a case of first impression. If counsel declined to argue that the court ignore or change well-established law and contend that the imposition of a period of supervised release constituted an additional or somehow impermissible "term of imprisonment," his decision would be reasonable in all respects.

White claims that appellate counsel failed to raise a sufficiency of the evidence challenge on direct appeal even though the right to assert such a claim had been preserved. To determine whether appellate counsel was ineffective, the court must find first that counsel's performance was deficient, and second, that the deficiency prejudiced the defense. *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

> Had appellate counsel failed to raise a significant and obvious issue, the failure could be viewed as deficient performance. If an issue which was not raised may have resulted in a reversal of the conviction, or an order

> for a new trial, the failure was prejudicial. When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome. The issue at trial was whether White possessed the firearms.

*Id.*

Here, White was charged with being a felon in possession of a firearm. There was ample evidence of this at trial. Counsel was not ineffective for not asserting a claim as to sufficiency of the evidence on appeal because it was not a viable claim.

White asserts that his appellate counsel failed to challenge the admission of certain evidence pursuant to Federal Rule of Evidence 404(b). He argues that this evidence allowed the government to have a lower burden of proof and thus obtain his conviction on an improper basis. White does not elaborate on what this evidence was or how it prejudiced his defense. To the extent White's claim here is based on the admission of the *Indianapolis Star* invoices, appellate counsel did raise this issue and the Court of Appeals held that the court did not abuse its discretion in admitting the invoices with a limiting instruction. *White*, 368 F.3d at 916.

White argues that his appellate counsel, like trial counsel, failed to argue that under Indiana law, as a non-violent felon, he could lawfully possess a weapon in his home, and also that the federal Gun Control Act, 18 U.S.C. '' 921, 922(g)(1), is unconstitutional as applied for lack of fair notice and vagueness as to what conduct is prohibited by a nonviolent felon residing in Indiana. For the same reasons discussed in above, this claim does not amount to a showing of ineffective assistance.

White asserts that counsel failed to move for mistrial and failed to assert on direct appeal that a question the government posed to a witness created an incurable prejudice despite a curative instruction. That question was: AAnd do you recall Mr. White saying to words to the effect of, you=re going to have to testify about certain things that I can=t testify about?@ Counsel objected to the question, the government withdrew the question, and the jurors were told to give the question no attention at all and were instructed that the defendant had an absolute right not to testify and the fact that he did not testify could not be considered in any way. White has presented no evidence in support of this claim and has provided no basis on which the court can find any prejudice.

White asserts that counsel was ineffective during the hearing on limited remand by failing to argue that White=s substantial assistance provided to the State of Indiana in the prosecution of Kunta Gray should have been considered as a factor in sentencing. As discussed in a related claim above, the court did consider White=s

claim of substantial assistance and found that none of the circumstances presented warranted a change in White=s sentence. There was no error by counsel in this regard.

White argues that counsel was ineffective by not arguing that the government=s refusal to file a ' 5K1.1 motion to reduce White=s sentence for substantial assistance was based on the government=s failure to interpret ' 5K1.1 as including Ainvestigations@ as well as Aprosecutions@ of another person who has engaged in crime. Suffice it to say that White has not shown that the government lacked at least a Arational basis@ for not filing ' 5K1.1 motion. *See In re United States*, 503 F.3d 638, 641 (7th Cir. 2007). White has no absolute entitlement to the filing of such motion. The prosecutor has discretion as to whether to file a ' 5K1.1 motion and White has failed to show any constitutional violation under these circumstances. *Id.* at 642.

White claims that counsel was ineffective for refusing to seek a Asecondary petition for writ of certiorari@ to the United States Supreme Court. White wanted the high court to consider the issue of whether this court was required to consider any circumstances that occurred after the original sentencing date but prior to the date of the hearing on limited remand during which the court addressed the question post-*Booker* whether the court would have issued a different sentence if he had known that the Sentencing Guidelines were not mandatory. When the court explained its ruling on limited remand, the court stated that White=s post-sentence behavior in prison was simply not relevant to his decision on re-sentencing. The task on limited remand was to determine whether the court Awould have imposed the same sentence with the knowledge that the guidelines are not mandatory.@ *United States v. White*, 213 Fed.Appx. 488, 2007 WL 173809 (7th Cir. Jan. 22. 2007). The remand was not in any way an invitation to consider factors that had not even occurred when White was originally sentenced. Counsel was not ineffective even if he did, indeed, refuse to attempt to raise this claim on appeal or on a second petition to the Supreme Court.

Finally, White Arequests@ an adjustment/downward variance pursuant to the Criminal History Amendment (Nov. 1, 2007) to eliminate any misdemeanor where the sentence was one year or less of probation. This request, however, is not properly made in this motion and instead must be brought separately. Accordingly, this court expresses no judgment on the merits of this "request".

## Conclusion

To warrant relief under ' 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. *Davis v. United States,* 417 U.S. 333 (1974); *Hill v. United States,* 368 U.S. 424, 428 (1962). White has failed to show either deficient performance or prejudice in his attorneys= representation. *See United States v. Gonzalez-Lopez,* 548 U.S. 140, 147 (2006) ("The requirement that a defendant show prejudice in effective representation cases arises from the very nature of the specific element of the right to counsel at issue thereB*effective* (not

mistake-free) representation. Counsel cannot be 'ineffective' unless his mistakes have harmed the defense (or, at least, unless it is reasonably likely that they have)@). His attorneys were constitutionally sufficient throughout all proceedings. For the reasons explained above, therefore, White is not entitled to relief pursuant to 28 U.S.C. ' 2255. White's motion seeking disposition of the ' 2255 petition [68] is **granted**. His ' 2255 motion is **denied.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that White has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 09/27/2012

Distribution:

Gerald A. Coraz
gerald.coraz@usdoj.gov

Andrew White
8347 Glenside Ct.
Indianapolis, IN 46263

*William T Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana