**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ANDREW S. WHITE, ) | |
| ) | |
| Movant, ) | |
| vs. ) | 1:08-cv-107-WTL-MJD |
| ) | |
| UNITED STATES OF AMERICA. ) | |

**Entry Discussing Motion to Reconsider**

This cause is before the court on the movant's motion to reconsider. Given the timing of the motion to reconsider relative to the entry of final judgment on September 27, 2012, and given the arguments set forth in such motion, the motion is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

The movant argues that the court failed to address two arguments in his motion pursuant to 28 U.S.C. § 2255: that his counsel was ineffective for failing to object to the parole search of his residence and that the court did not interpret the "anti-preemption provision" of the Federal Gun Control Act, 18 U.S.C. ' 927. A condition of White's probation allowed unannounced searches of his living quarters by law enforcement and/or probation officers. *United States v. White*, 368 F.3d 911, 913 (7th Cir. 2004), *cert. granted, judgment vacated,* 543 U.S. 1105 (2005).

While the court did not specifically address this provision of the law, the court did address the Federal Gun Control Act and found that Indiana's gun licensing laws did not affect enforcement of this law. *See United States v. Skoien*, **614 F.3d 638 (7th Cir. 2010)**(*en banc*)(federal firearms prohibitions in section 922(g) are constitutional, even when as applied to persons convicted of misdemeanors).

The court's consideration of the § 2255 action was plenary. There was no meritorious claim asserted and the court finds none suggested by the motion to reconsider. There was in this case no manifest error of law or fact. The court did not misapprehend White's claims, nor did it misapply the law to those claims. Accordingly, the post-judgment motion to reconsider, treated as a motion to alter or amend judgment [71], is **denied.**

**IT IS SO ORDERED.**

Date: 12/06/2012

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

**Gerald A. Coraz**
gerald.coraz@usdoj.gov

**Andrew White**
**No. 07026-028**
**8347 Glenside Ct.**
**Indianapolis, IN   46263**